## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VELJKO SUBARA,<br><br>        Plaintiff,<br><br>        -v-<br><br>WORLD FINANCIAL NETWORK BANK,<br><br>        Defendant. | CIVIL ACTION NO.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Veljko Subara, by way of Complaint against the defendant, says:

### PARTIES

1.      Plaintiff is an individual who resides in North Caldwell, New Jersey.

2.      Defendant World Financial Network Bank is a business entity which regularly does business within the state of New Jersey and which has a principal place of business at One Righter Parkway, Wilmington, Delaware 19803.

### JURISDICTION AND VENUE

3.      Plaintiff's claim is made pursuant to the Telephone Consumer Protection Act, 47 *U.S.C.* §227, *et seq*.  This court therefore has subject matter jurisdiction.

4.      Venue lies properly in this district pursuant to 28 *U.S.C.* §1391(b).

### STATEMENT OF CLAIM - COUNT ONE

5.      On August 16, 2012 at 8:11 a.m., defendant World Financial Network Bank (hereinafter "WFNB") began placing dozens of calls per day to plaintiff's cell phone number.

1

6.      The calls began early in the morning and continued into the night.  They came when he was at work, when he was at home - wherever he was.  Sometimes while he was answering one call, another was coming in.

7.      Whenever plaintiff answered these calls, and whenever a voice mail message was left, the individual calling from WFNB asked to speak to different persons, all of whom were completely unknown to plaintiff.

8.      None of the calls to plaintiff's cell phone had anything to do with him.

9.      When plaintiff answered the calls he told the callers, in substance, that they were calling the wrong number, that he was receiving constant phone calls from WFNB asking for people he did not know and it had to stop, and that they should remove his number from their system so that he would no longer be called.

10.      He nonetheless continued day after day to receive incessant calls from defendant.

11.      For example, on August 17, 2012 alone, plaintiff answered 36 calls. This does not include numerous calls he did not answer and that therefore do not appear on his phone bill.

12.      The calls continued every day and on September 5, 2012, alone, three weeks after the calls had started, plaintiff received, *at least*, 50 calls which he did not answer.

13.      Finally on September 5, 2012, plaintiff asked one of the callers to put a supervisor on the telephone.  He told this person the same thing he had told other callers from defendant.

14.      Even after speaking to a supervisor he has received additional calls.

2

15.    At all relevant times defendant had the technical capacity to purge plaintiff's cell phone number from its entire calling system.

16.    Defendant ignored plaintiff's pleas to remove his number from its calling system.

17.    Defendant used a predictive dialing system to make the calls to plaintiff's cell phone number.

18.    The predictive dialing system is a form of automatic telephone dialing system.

19.    Each time such a call was made it constituted a separate violation of the Telephone Consumer Protection Act, 47 *U.S.C.* §227(b)(1)(A).

20.    Each one of these violations by defendant was knowing and/or willful.

## DEMAND

**WHEREFORE**, plaintiff demands judgment against defendant for:

A.    $1,500 in statutory damages per call made by defendant to plaintiff's cell phone number, pursuant to 47 *U.S.C.* §227(b)(3);

B.    an injunction pursuant to 47 *U.S.C.* §227(b)(3)(A) ordering defendant to purge plaintiff's cell phone number from its entire calling system, and to never call plaintiff's cell phone number again;

C.    such other relief as the Court may deem equitable and just.

HOUSTON & TOTARO
Attorneys for Plaintiff

BY: _____

MELISSA J. TOTARO
MADELINE L. HOUSTON
175 Fairfield Avenue, Unit 1-D
West Caldwell, N.J. 07006
(973) 228-6200

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Madeline L. Houston is hereby designated as trial counsel for plaintiff in the above captioned matter.

## CERTIFICATION

The undersigned does hereby certify that the matter in controversy is not the subject of any other court proceeding or arbitration action and no other action is contemplated. Plaintiff knows of no other party who should be joined in the within action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

MELISSA J. TOTARO

Dated: 10/5/12

4